IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, ) | No.  C 15-0170 JSW (PR) |
| Plaintiff, ) | |
| ) | **ORDER OF DISMISSAL** |
| v. ) | |
| ) | |
| CALIFORNIA DEPARTMENT OF ) | |
| MENTAL HEALTH HOSPITALS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    Plaintiff, a jail inmate in Shreveport, Louisiana, has filed this pro se civil rights case.[1]  On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated.  *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00).  Since then, Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis* status.  With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g).  In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state cognizable claims for relief, but he has habitually failed to do so.

---

    [1]Because Defendant is located in this district, venue is proper here.  *See* 28 U.S.C. § 1406(a).

1  For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of
2  approximately thirty-six actions under § 1915(g).
3      In accord with this ongoing practice, the Court has reviewed the allegations in the
4  present action and finds that Plaintiff alleges no facts which bring him within the
5  "imminent danger" clause. He complains that he was improperly transferred from one
6  institution to another, and that he was administratively segregated and consequently
7  missed a deposition for one of his civil cases in June 2000. On countless occasions, the
8  Court has informed Plaintiff that allegations such as these are not cognizable. Therefore,
9  it would be futile to grant Plaintiff leave to amend.
10     Accordingly, this case is DISMISSED without prejudice under § 1915(g). If
11 Plaintiff is so inclined, he may bring his claims in a new action accompanied by the
12 $400.00 filing fee. In any event, the Court will continue to review under § 1915(g) all
13 future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma*
14 *pauperis* status.
15     The Clerk of the Court shall close the file and terminate all pending motions.
16     IT IS SO ORDERED.
17 DATED: February 3, 2015
18     JEFFREY S. WHITE
    United States District Judge